**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAKEISHA S. DOWELL,**

      Plaintiff,

-vs-                                                      Case No. 6:08-cv-651-Orl-22KRS

**KIDZ R 4 UZ, INC.,**
**SHAMESICA WARREN,**

      Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SUGGESTION PURSUANT TO RULE 12(H)(3), FEDERAL RULES OF CIVIL PROCEDURE, THAT THE COURT LACKS SUBJECT MATTER JURISDICTION (Doc. No. 26)** |
| **FILED:** | **August 14, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Lakeisha Dowell has filed a "suggestion" that the Court lacks subject matter jurisdiction over Defendant Shamesica Warren's counterclaim. Doc. No. 26. The Court has treated this "suggestion" as a motion to dismiss. Doc. No. 27. Warren has filed her response. Doc. No. 28. The presiding judge has referred the motion to me for issuance of a Report and Recommendation.

Warren's counterclaim seeks to setoff from any judgment the amount of $300.00 that Warren lent to Dowell. Doc. No. 21. As Dowell's case is based on violation of the overtime provisions of the Fair Labor Standards Act, doc. no. 1, Warren admits her counterclaim is permissive in nature. The

United States Court of Appeals for the Eleventh Circuit has held that "a federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis." *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). Warren has failed to demonstrate an independent jurisdictional basis for her claim.

Warren argues that the Court should apply an exception to the independent jurisdictional requirement because her counterclaim only seeks a setoff and not affirmative relief. She cites to four cases in which courts permitted set-off counterclaims to proceed when plaintiff sought only a reduction to the award plaintiff might receive rather than affirmative relief. *Robinson v. Roofs, Structures & Mgmt, Inc.*, 8:07-cv-1518-T-24TBM, 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007); *Cole v. Supreme Cabinets, Inc.*, Case No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, *4 (M.D. Fla. June 12, 2007); *Kirby v. Tafco Emerald Coast, Inc.*, No. 3:05CV341 RV/MD, 2006 WL 228880 (N.D. Fla. Jan. 30, 2006); *Mercer v. Palm Harbor Homes, Inc.*, No. 805CV1435T30TGW, 2005 WL 3019302, at *1. None of these decisions is controlling in the present case, and I have found no controlling decisions on this point.

I am not persuaded that subject matter jurisdiction exists over a permissive counterclaim without an independent jurisdictional basis simply because the counterclaim seeks only a set off of damages. The only basis for such jurisdiction would be the supplemental jurisdiction statute, which provides the Court with supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

In the present case, the counterclaim arises from an alleged failure to repay a loan. There are no facts alleged in the counterclaim, or asserted in response to the motion to dismiss, regarding the circumstances of the loan, such as that it was an advance on wages, or the terms established for repayment. As such, the allegations of the counterclaim are insufficient to show that the plaintiff's claims and the defendant's counterclaim are part of the same case or controversy. *See, e.g., Hutton v. Grumpie's Pizza and Subs, Inc.*, No. 07-81228-CIV, 2008 WL 1995091, at * 3-4 (S.D. Fla. May 7, 2008).

Even if the Court could exercise subject matter jurisdiction over the set-off counterclaim, section 1367 permits the Court to decline to exercise supplemental jurisdiction when, among other things, the supplemental claim substantially predominates over the claim over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(2). Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which state law claims require different or foreign elements of proof. *See, e.g., Perrin v. John B. Webb & Assoc., Inc.*, Case No. 6:04-cv-399-Orl-22KRS, doc. no. 14 (M.D. Fla. May 12, 2004).

In the present case, it would be necessary for the Court to determine, among other things, the terms of the loan, including whether there was a promise to repay the loan within a particular time, and whether Dowell breached the terms of the loan. *See, e.g., Fleming v. Burbach Radio, Inc.*, 377 So. 2d 723 (Fla. 4th Dist. Ct. App. 1980). Because the counterclaim likely will require application of state law and resolution of facts entirely separate from the FLSA claim, it is likely

substantially to predominate over the FLSA claim. Accordingly, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the counterclaim in the present case.[1]

For the reasons stated above, I respectfully recommend that the Court:

**GRANT** in part Plaintiff's Suggestion Pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, that the Court Lacks Subject Matter Jurisdiction, doc. no. 26; and

**DISMISS** Warren's counterclaim, doc. no. 21, with leave to refile it in state court within the time permitted by § 1367.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Additionally, because the FLSA imposes joint and several liability upon "employers" as defined by the statute, *see Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986), any setoff obtained by Warren would not lessen the liability of the corporate defendant. Thus, pursuit of the counterclaim in this forum appears futile.